## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| COREY ASHFORD and | ) | Case No. 17-13621-KHK |
| CAMILLE ASHFORD, | ) | Chapter 13 |
| | ) | |
|     Debtors. | ) | |
| | ) | |
| COREY ASHFORD and | ) | |
| CAMILLE ASHFORD, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proc. No. 18-01026-KHK |
| | ) | |
| PARTNERS FOR PAYMENT RELIEF | ) | |
| DE II, LLC, | ) | |
| | ) | |
|     Defendant. | ) | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO
### MOTION FOR SUMMARY JUDGMENT AND
### <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

COMES NOW, Partners for Payment Relief DE II, LLC ("PPR") by and through its undersigned counsel, and submits the following as its Response in Opposition (the "Response") to the Plaintiffs' Motion for Summary Judgment (the "Motion") and its supporting Memorandum of Points and Authorities (the "Memorandum").

<u>RESPONSE</u>

Plaintiffs request that the Court grant them summary judgment on the basis that the value

---

William H. Casterline, Jr. (VSB No. 16277)
Jeremy B. Root (VSB No. 65885)
James R. Meizanis (VSB No. 80692)
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
703-691-1235
703-691-3913 (facsimile)
jmeizanis@bklawva.com
*Counsel to Defendant*

of their real property located at 134 Keating Circle, Stafford, VA 22554 (the "Property") is purported to be $260,000.00 and the secured claim for the holder of the first deed of trust is $274,829.79, thus entitling them to avoid or strip off PPR's second deed of trust.

PPR, however, disputes the Plaintiffs' valuation of the Property and affirmatively alleges that the value of the Property is $285,000.00 as of October 24, 2017, based on an appraisal prepared by C. Taylor Lewis, Jr. of Lewis Appraisal Services, LLC ("PPR's Appraisal"). A copy of PPR's Appraisal is attached hereto as Exhibit A.

Summary judgment should only be granted by the Court "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P., as incorporated by Fed. R. Bankr. P. 7056. As discussed in the Memorandum below, such a genuine dispute as to a material fact exists, in particular, whether the fair market value of the Plaintiffs' real estate exceeds the secured claim of the holder of the first deed of trust. The Court, as trier of fact, must determine the true value of the Property in order to determine whether PPR's claim is unsecured and its lien may be avoided.

Consequently, Plaintiffs are not entitled to judgment as a matter of law and the Court should deny the Motion.

## MEMORANDUM

### Statement of Facts

This case arises out of the Plaintiffs' Complaint against Defendant, PPR, to avoid or strip off PPR's lien from the Plaintiffs' residential real property titled "Complaint to Determine Secured Status and Avoid Lien." See Docket Entry #1.

Plaintiffs are owners of residential real property located at 134 Keating Circle, Stafford, Virginia 22554 (the "Property"). Plaintiffs value the Property at $260,000.00 as of November 7,

2017, based on an appraisal attached to the Plaintiff's Motion as Exhibit 1. The Property is encumbered by a first deed of trust held by The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-AA7 (the "First Deed of Trust"). The amount of the secured claim for the First Deed of Trust is $274,829.79, as evidenced by Proof of Claim #7 filed on December 28, 2017, which is attached to the Motion as Exhibit 2.

The Property is also encumbered by a second deed of trust held by PPR (the "Second Deed of Trust"). The amount of the secured claim for the Second Deed of Trust is $46,593.15 as of the date of the bankruptcy filing on October 25, 2017, as evidenced by Proof of Claim #5 filed on December 13, 2017. A copy Proof of Claim #5 is attached hereto as <u>Exhibit B</u>. PPR's Appraisal values the Property at $285,000.00 as of October 24, 2017, which is attached as <u>Exhibit A</u>.

<u>Summary Judgment Standard</u>

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P., as incorporated by Fed. R. Bankr. P. 7056. The burden of establishing the nonexistence of a genuine issue of material fact rests on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 88 L.Ed.2d 285 (1985). In considering a motion for summary judgment, the court should draw all inferences from the underlying facts in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 530 (1986).

<u>ARGUMENT</u>

<u>THE PLAINTIFFS HAVE NOT MET THEIR BURDEN TO SHOW THAT THERE IS NO GENUINE DISPUTE OF MATERIAL FACT BECAUSE THERE</u>

<u>IS A CLEAR DISPUTE REGARDING THE VALUATION OF THE PROPERTY, WHICH IS A DETERMINATIVE FACT IN ADJUDICATING WHETHER THE PLAINTIFFS ARE ENTITLED TO STRIP OFF OR AVOID PPR'S LIEN UNDER 11 U.S.C. § 506(D)</u>.

The Plaintiffs fail to allege in their Motion that there is no genuine dispute of material fact which entitles them to judgment as a matter of law under Rule 56(a) of the Federal Rules of Civil Procedure. Plaintiffs cannot make such an allegation because there is a clear dispute regarding the valuation of the Property.

Plaintiffs' Motion ignores PPR's answer, which denied the Plaintiff's alleged Property valuation of $260,000.00. *See* Docket Entry #8, ¶ 6 of PPR's Answer. Further, not only does PPR deny Plaintiffs' allegation that the Property is valued at $260,000.00, but also PPR has presented to the Court, in its Response, evidence of its basis for denial, which is its appraisal valuing the Property at $285,000.00.

The dispute between Plaintiffs' valuation of the Property at $260,000.00 and PPR's valuation of the Property at $285,000.00 is a genuine dispute of a material fact. If the Court finds that the value of the Property is greater than the lien of the Plaintiffs' first lien deed of trust, then Plaintiffs will not be entitled to a judgment which strips off or avoids PPR's lien. *See In re Peterson*, 2011 WL 111154 (Bankr. E.D. Va. 2011)(holding that a deed of trust that is supported by even any equity cannot be avoided).

<u>Conclusion</u>

Since the Plaintiffs have not met their burden to show that there is no genuine dispute of material fact they are not entitled to summary judgment against Defendant Partners for Payment Relief DE II, LLC under Rule 56(a) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Partners for Payment Relief DE II, LLC, respectfully requests that the Court deny Plaintiffs' Motion for Summary Judgment with prejudice and grant such other and further relief as this Court deems just and proper.

Dated: May 14, 2018

Respectfully submitted,

PARTNERS FOR PAYMENT RELIEF
DE II, LLC

By Counsel

*/s/ James R. Meizanis*
William H. Casterline, Jr., VSB #16277
Jeremy B. Root, VSB #65885
James R. Meizanis, VSB #80692
Blankingship & Keith, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235
*Counsel for Partners for Payment Relief DE II, LLC*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 14th day of May, 2018, a true copy of the foregoing was served either electronically, via the CM/ECF system, and/or by United States first class mail, postage prepaid, on the following:

| | |
|---|---|
| Corey Ashford | Robert R. Weed, Esq. |
| Camille Ashford | Law Offices of Robert Weed |
| 134 Keating Circle | 300 Garrisonville Rd., Suite 201 |
| Stafford, Virginia 22554 | Stafford, Virginia 22554 |
| *Debtors* | *Debtors' Counsel* |

                                                  */s/ James R. Meizanis*
                                                  James R. Meizanis